IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

LEON ROSS,

Plaintiff,

v. : CIVIL ACTION NO.: CV614-013

KARL WILLIAMS,

Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Leon Ross ("Plaintiff"), who is currently housed at Smith State Prison in Glennville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Defendant filed a Motion to Dismiss. Plaintiff did not file a Response. Based on the foregoing, Defendant's Motion should be **GRANTED** in part and **DENIED** in part.

## STATEMENT OF THE CASE

Plaintiff asserts that Defendant Williams sprayed mace into his cell through the tray flap. Plaintiff also asserts that he had his arm in the tray flap and before he could remove his arm, Defendant Williams slammed the flap on his arm, causing injury. Plaintiff further asserts that Defendant Williams refused to obtain a medical examination for Plaintiff after this excessive use of force.

Defendant contends that Plaintiff's claims for mental or emotional injury are to be dismissed. Defendant also contends that Plaintiff's injunctive relief request should be

denied. Finally, Defendant contends that Plaintiff's monetary damages claims against him in his official capacity should be dismissed.

## STANDARD OF REVIEW

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.



AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

### I. Mental or emotional injury

Defendant asserts that Plaintiff's claims for monetary damages should be dismissed pursuant to 42 U.S.C. § 1997e(e) because Plaintiff does not assert that he suffered an actual injury as a result of the alleged use of force incident.

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" 42 U.S.C. § 1997e(e). The purpose of this statute is "to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (citing Harris v. Garner, 216 F.3d 970, 976-79 (11th Cir. 2000)). "Tracking the language of [this] statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Id. at 532. In Williams v. Brown, 347 F. App'x 429, 436 (11th Cir. 2009), the Eleventh Circuit stated that, "compensatory damages under § 1983 may be awarded only based on actual injuries caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated. Pursuant to 42 U.S.C. § 1997e(e), in order to recover for mental or emotional injury suffered while in custody, a prisoner bringing a § 1983 action must demonstrate more than a *de minim[i]s* physical injury." Id. (internal citations omitted) (alterations in original). The Eleventh Circuit noted, however, that "[n]ominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to



AO 72A
(Rev. 8/82)

entitle him to compensatory damages." Id. (quoting Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003)). "Thus, a prayer for nominal damages is not precluded by § 1997e(e)." Id. (quoting Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007)). In Williams, the Eleventh Circuit approved this Court's dismissal of the plaintiff's claims for compensatory and punitive damages based on the plaintiff's retaliatory transfer claim because the plaintiff did not allege a requisite physical injury pursuant to § 1997e(e) but directed this Court to consider the plaintiff's potential recovery of nominal damages based on his retaliatory transfer claim. Williams, 347 F. App'x at 437.

A review of Plaintiff's Complaint and his requested relief indicates that he is not seeking recovery for an emotional or mental injury. Rather, Plaintiff is seeking compensatory damages for an alleged actual, physical injury, as he contends he suffered an injury to his arm when Defendant slammed the tray flap on his arm. (Doc. No. 1, pp. 5–6). By the very language of § 1997e(e), this portion of Defendant's Motion should be **denied**. Whether Plaintiff's alleged injury is more than *de minimis* for Eighth Amendment purposes is not presently before the Court, and the undersigned shall not address this issue other than to say that Plaintiff's Eighth Amendment claims are at least plausible at this stage of the proceedings.

**II. Transfer to another prison**

Defendant contends that the Prison Litigation Reform Act limits a court's authority to grant prospective relief. Defendant asserts that a court-ordered transfer, which Plaintiff seeks, would go further than necessary to correct any alleged violation of law.

Section 3626 of Title 18, United States Code, which provides for appropriate remedies in prisoner litigation, provides, in relevant part:



AO 72A
(Rev. 8/82)

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C.A. § 3626(a)(1)(A). It does not appear to be appropriate for this Court to order that Plaintiff be transferred to another penal institution within the State of Georgia. Plaintiff's version of events shows a one time occurrence, and a transfer would not be necessary to correct the alleged violations of his Eighth Amendment rights. This portion of Defendant's Motion should be **granted**.

## III. Monetary damages claims in Defendant's official capacity

Defendant asserts that Plaintiff's monetary damages claims against him in his official capacity are due to be dismissed. A lawsuit against a correctional officer in his official capacity is no different from a suit against the government itself; such a defendant is immune. Smith v. Fla. Dep't of Corr., 318 F. App'x 726, 728 (11th Cir. 2008) (citing Powell v. Barrett, 496 F.3d 1288, 1308 & n.27 (11th Cir. 2007)). To be clear, a "state defendant[ ] sued in [his] official capacity for monetary damages under § 1983 [is] immune from suit under the Eleventh Amendment, [but he is] not immune from claims seeking prospective declaratory or injunctive relief." Id. This portion of Defendant's Motion should be **granted**.



AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED** in part and **DENIED** in part. Plaintiff's monetary damages claims against Defendant in his official capacity and Plaintiff's prospective relief request for a transfer should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 24th day of October, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE